## Case No. 8,904.

### In re McMURRAN et al.

[2 Hughes, 207.] [1]

Circuit Court, E. D. Virginia. 1877.

HOMESTEAD—WAIVER IN WRITING—PARTNERSHIP NOTE SIGNED BY ONE—BOTH BOUND.

Under the act of assembly of Virginia, allowing a waiver of the homestead exemption when done in writing, if a partner in a mercantile firm, in executing a negotiable note of the firm, inserts therein the homestead waiving clause, such clause is effective to defeat pro tanto not only the exemption of the partner who executes the note, but that of each member of the firm, not only in the estate of the firm as such, but in the estate of each and every member of the firm.

[Appeal from the district court of the United States for the Eastern district of Virginia.]

In bankruptcy.

BOND, Circuit Judge. On an appeal by William Devries & Co. to the supervisory jurisdiction of the circuit court, from a decree made in the district court of the United States for the Eastern district of Virginia, by the Honorable Robert W. Hughes, judge of said district court, on the 28th day of April, 1875. This cause coming on to be heard upon the petition of said William Devries & Co., upon a copy of said decree of the 28th of April, 1875, and upon copies of so much of the papers and proceedings in said district court filed with said petition as presents to the court the question to be reviewed, was argued by counsel. On consideration whereof the court is of opinion that the waiver of homestead exemption on the face of the notes to said William Devries and Co., executed by C. H. McMurran in the name of the firm of C. H. McMurran & Co. (said firm being then composed of said C. H. McMurran and J. P. C. Peters), for value received by said firm of C. H. McMurran & Co., is binding on both the members of the said firm, so that judgments rendered thereon constitute valid liens on the real estate of each and both, and operate so as to preclude either of the members of said firm from claiming his homestead exemption out of the proceeds of the sale of his real estate so far as said judgments are concerned.

Therefore the court doth adjudge, order, and decree that the said decree of April 28th,

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

.1875, be reversed. and that the matter be remitted to said district court for further proceedings to be had therein in accordance with the opinion hereinbefore contained. and that the said John P. C. Peters be not allowed his homestead exemption as against the judgments of said petitioners, William Devries & Co., rendered by the county court of Culpeper, at its August term, 1871, and the assignee in bankruptcy of said J. P. C. Peters is directed out of the proceeds of the sale of said Peters's real estate to pay to said William Devries & Co. their costs in this proceeding expended.